IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL B. SIGAL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:13-cv-00169 |
| | ) | |
| v. | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| THE GENERAL AMERICAN LIFE INSURANCE COMPANY, THE PAUL REVERE LIFE INSURANCE COMPANY, AND UNUM GROUP | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Compel. (ECF No. 38). Defendants have agreed to supplement their responses with respect to the 143 pages of General American underwriting information and the information of individuals who were not "decision makers" for the 2010 claim. (ECF No. 40). Therefore, the only issue to be resolved is information of the individuals involved in the processing of the 2004 claim sought in Interrogatories 1 and 2.

Under Federal Rule of Civil Procedure 26(b)(1), "discovery is not limited to information which is admissible at trial but is instead allowed 'if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'" *Josephs v. Harris Corp.*, 677 F.2d 985, 991 (3d Cir. 1982). Thus, the scope of discovery is broader than the scope of admissible evidence. *See* Fed. R. Civ. P. 26. Trial courts have "substantial discretion" regarding discovery motions. *Stitch v. United States*, 730 F.2d 115, 118 (3d Cir. 1984).

Given the broad scope of discovery, the Court will grant Plaintiff's Motion to Compel. Notwithstanding the Court's Opinion from August 22, 2013 dismissing Plaintiff's claims from 2004, (ECF No. 22), the Court finds that Plaintiff shall be afforded the opportunity to discover the information of the individuals involved in the processing of the 2004 claim as requested in Interrogatories 1 and 2. While this information sought may not ultimately be admissible at trial, the Court finds that it appears reasonably calculated to lead to the discovery of admissible evidence. Moreover, the Court notes that Plaintiff's Interrogatories 1 and 2 do not appear to be overly broad or unduly burdensome.

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel the production of the 143 pages of the General American underwriting information is **GRANTED**. IT IS FURTHER ORDERED that Plaintiff's Motion to Compel the Defendants to fully respond to Plaintiff's Interrogatories 1 and 2 is **GRANTED.**

March 18, 2014.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: Counsel of Record via CM-ECF